J-S26013-23

J-S26014-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HENRY PRATT | : | |
| | : | |
| Appellant | : | No. 164 EDA 2023 |

Appeal from the PCRA Order Entered January 5, 2023
In the Court of Common Pleas of Chester County
Criminal Division at No:  CP-15-CR-0002336-2015


| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HENRY PRATT | : | |
| | : | |
| Appellant | : | No. 721 EDA 2023 |

Appeal from the PCRA Order Entered January 5, 2023
In the Court of Common Pleas of Chester County
Criminal Division at No:  CP-15-CR-0003331-2014


BEFORE:  STABILE, J., KUNSELMAN, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                **FILED NOVEMBER 29, 2023**

Appellant, Henry Pratt, appeals *pro se* from the January 5, 2023 orders of the Court of Common Pleas of Chester County, which denied his third petition for collateral relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The PCRA court summarized the factual and procedural background as follows.

> On November 20, 2015, [Appellant], who has been a lawful resident alien in the United States since 1997, tendered a negotiated guilty plea at docket numbers 15-CR-0002336-2015 and 15-CR-0003331-2014. At docket number 15-CR-0002336-2015, [Appellant] pled to one (1) count (Count 46) of access device fraud, 18 Pa.C.S.A. § 4106(A)(1)(ii), graded as an M-1, for using another person's credit card without permission. In accordance with the terms of his plea agreement, on November 20, 2015[,] the [trial] court sentenced [Appellant] to two (2) years of probation. At docket number 15-CR-0003331-2014, [Appellant] pled to one (1) count (Count 1) of forgery, 18 Pa.C.S.A. § 4101(A)(1), graded as an M-1, for passing to a residential repair/contracting company a check made out in the name of a third party on an account having insufficient funds to pay for the service rendered. In accordance with the terms of his plea agreement, on November 20, 2015[,] the [trial] court sentenced [Appellant] to a term of two (2) years of probation, to run consecutively to the probation imposed at docket number 15-CR-0002336-2015. Thus, aggregating the sentences imposed on both dockets, [Appellant]'s cumulative sentence is four (4) years of probation.

> [Appellant] did not file any post-sentence motions or take a direct appeal. Thus, [Appellant]'s judgment of sentence was final, for purposes of the PCRA, on December 20, 2015, thirty (30) days following the entry of his judgment of sentence. . . .

> . . . .

> Because of the crimes to which he tendered his plea, Immigration and Custom Enforcement ("ICE") arrested [Appellant] at some point and initiated deportation proceedings against him on February 13, 2017. [Appellant] claims he was not made aware of the immigration consequences of his plea until he spoke with his immigration attorney and received his sentencing transcript on June 25, 2018, which showed that the immigration consequences of his plea were not discussed.

On June 11, 2018, [Appellant] filed his first PCRA petition [in] both dockets. In his first PCRA petition, [Appellant] raised the issue of whether the trial court and/or his plea counsel was ineffective for failing to advise him of the immigration consequences of his plea. . . . [After appointing counsel, on] October 17, 2018[,] the PCRA Court dismissed [Appellant]'s first PCRA petition on the ground of untimeliness and permitted PCRA counsel to withdraw from representation.

[On appeal, we dismissed it for failure to comply with *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018). Appellant filed a petition for allowance of appeal from our decision, which our Supreme Court denied on March 16, 2020.]

On March 26, 2020, [Appellant] filed a second *pro se* PCRA petition. In this second petition, among other items, [Appellant] asserted that the newly-discovered fact exception to the PCRA's timeliness requirements applied to excuse the untimeliness of his PCRA petition because, he asserted, he only discovered the facts upon which his claim [for] relief was based when he spoke with his immigration attorney and received a copy of his sentencing transcript on June 25, 2018. [Upon retaining counsel, Appellant filed an amended PCRA petition in which Appellant reiterated that his second PCRA petition was timely under the newly-discovered facts exception, based on the discovery of counsel's ineffectiveness. Appellant attached to his amended PCRA petition a notice to appear before an immigration judge in York County, Pennsylvania, for a deportation hearing. The notice is dated July 15, 2016, but it was not served until February 13, 2017].

PCRA Court Opinion, 3/21/23, at 1-6 (unnecessary capitalization and footnotes omitted).

On August 26, 2020, the PCRA court dismissed Appellant's second PCRA petition, as amended by counsel, on two grounds: (i) the deportation claim was not an unknown fact for purposes of the newly-discovered facts exception, as Appellant could have discovered it as early as the date he received the notice (*i.e.*, February 13, 2017) and (ii) Appellant was not eligible for PCRA

J-S26013-23

J-S26014-23

relief because Appellant was no longer serving a sentence on the underlying

convictions.

> On October 5, 2021, [the Superior Court] affirmed the PCRA Court's August 26, 2020 order dismissing [Appellant]'s PCRA petition on the grounds that [Appellant] was no longer serving a sentence for the underlying crimes and because his ineffectiveness claim did not satisfy the newly-discovered fact exception[.] [Appellant] filed a Petition for Allowance of Appeal with the Supreme Court of Pennsylvania on January 3, 2022, which that Honorable tribunal denied on October 18, 2022. [Appellant] did not seek *certiorari* with the United States Supreme Court.

*Id.* at 8.

On November 17, 2022, Appellant filed the underlying PCRA petition,[1]

his third.[2] On December 12, 2022, the PCRA court issued a Rule 907(1) Notice

advising Appellant of its intention to dismiss his third PCRA petition without a

hearing due to its untimeliness. "On December 30, 2022, [Appellant] filed a

response to [the Rule 907(1) Notice], basically reiterating his position that his

alleged inability to discover counsel's deficiency with respect to his duty to

---

[1] Appellant titled this petition as petition for habeas corpus relief/PCRA petition. The PCRA court treated it as a PCRA petition. Appellant does not challenge the PCRA court's characterization of his petition.

[2] It is undisputed Appellant's instant PCRA petition is facially untimely. Appellant was sentenced on November 20, 2015. For purposes of the PCRA, Appellant's judgment became final upon the expiration of the thirty days to appeal to our Court, namely, December 21, 2015. Appellant had one year to file a timely PCRA petition (*i.e.*, December 21, 2016). The underlying petition was filed on November 17, 2022, which is more than 6 years after his conviction became final. Thus, the underlying PCRA petition is facially untimely.

- 4 -

communicate [the] immigration consequences of a plea satisfie[d] the PCRA's timeliness exception at 42 Pa.C.S.A. § 9545b(b)(1)(ii)." ***Id.*** at 10. On January 5, 2023, the PCRA court entered orders dismissing his petition in both of the above-captioned cases.

Appellant raises the following issue for our review: whether the PCRA court erred in finding Appellant's current PCRA petition untimely under the newly-discovered facts exception.[3] Specifically, Appellant alleges that the discovery of counsel's ineffective assistance qualifies as a newly-discovered fact, and that the PCRA court erred in not making such a finding.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. ***See***, ***e.g.***, ***Commonwealth v. Jarosz***, 152 A.3d 344, 350 (Pa. Super. 2016). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010).

As described in detail below, a review of the record reveals that Appellant is not entitled to PCRA relief because the underlying convictions

---

[3] Appellant raises additional claims, substantive in nature (*i.e.*, legality of sentence, problems with testimony, etc.), which cannot be addressed unless Appellant pleads and proves by a preponderance of the evidence that the underlying petition is timely. As explained below, Appellant failed to do so. Accordingly, we will not address these additional claims. Our analysis, therefore, will be limited to claims addressing the timeliness of the underlying petition.

expired, the claims were previously litigated, and the underlying petition is untimely.

In order to be eligible for relief, a PCRA petitioner must establish by a preponderance of the evidence that he meets the requirements set forth in 42 Pa.C.S.A. § 9543(a)(1), that his conviction or sentence resulted from one or more of the enumerated defects found in 42 Pa.C.S.A. § 9543(a)(2), and that the allegation of error has not been previously litigated or waived. 42 Pa.C.S.A. § 9543(a)(3).

Appellant alleges ineffective assistance of counsel, which is one the defects listed in 42 Pa.C.S.A. § 9543(a)(2). As such, Appellant meets said requirement. At issue here, therefore, is whether Appellant meets the requirements set forth in 42 Pa.C.S.A. § 9543(a)(1) and 42 Pa.C.S.A. § 9543(a)(3).

Eligibility

Regarding 42 Pa.C.S.A. § 9543(a)(1), to be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that he is "currently serving a sentence of imprisonment, probation[,] or parole for the crime[.]" 42 Pa.C.S.A. § 9543(a)(1)(i). A petitioner who has completed his sentence is "no longer eligible for post[-]conviction relief." *Commonwealth v. Soto*, 983 A.2d 212, 213 (Pa. Super. 2009); *see also Commonwealth v. Turner*, 80 A.3d 754, 765 (Pa. 2013) ("[D]ue process

does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence.").

It is undisputed that Appellant's probationary sentences expired on or about November 20, 2019. **Commonwealth v. Pratt**, 2021 WL 4551595, at *3, unpublished memorandum (Pa. Super. October 5, 2021); PCRA Court Opinion, 3/21/23, at 22.

Appellant, however, argues that he is "serving" a sentence for purposes of the PCRA because he is under the supervision of the Department of Homeland Security as a result of the expired convictions. Appellant's Brief at 19. We disagree. The fact that Appellant is in the custody or under supervision of DHS pending deportation does not make him eligible for PCRA relief after his sentence in this matter has expired. **See Commonwealth v. Descardes**, 136 A.3d 493, 503 (Pa. 2016); **see also Commonwealth v. I.O.**, 2021 WL 1753184 (Pa. Super. May 4, 2021) (no relief due because sentence expired after the filing of PCRA petition, although he was still in ICE[4] custody).[5]

<u>Allegation of error previously litigated</u>

Regarding 42 Pa.C.S.A. § 9543(a)(3), a claim is previously litigated under the PCRA if the highest appellate court in which the petitioner could

---

[4] U.S. Immigration and Customs Enforcement (ICE).

[5] Pursuant to Pa.R.A.P. 126(b), we may cite unpublished non-precedential memoranda filed after May 1, 2019 for their persuasive value.

have had review as a matter of right has ruled on the merits of the issue. ***See***

42 Pa.C.S.A. § 9544(a)(2).

In connection with the unsuccessful appeal from the denial of his <u>second</u>

PCRA petition, we held:

> [B]ased on our review of the record, Appellant does not meet the foregoing eligibility requirements as he completed his sentences prior to the filing of the [second] PCRA petition. Indeed,
>
> > it is unassailable that [Appellant] was sentenced on November 20, 2015 to four (4) years['] probation. [Appellant]'s probation has not been violated or extended. Consequently, [Appellant]'s probation expired on or about November 20, 2017 [at docket number CP-15-CR-2336-2015] and on November 13, 2019 [at docket number CP-15-CR-3331-2014], and [Appellant] is no longer serving a sentence for the sentences which are the subject of his PCRA petition. [Appellant] did not file his <u>second</u> PCRA petition until March 26, 2020, which was approximately four (4) months after his probationary sentence expired. Accordingly, [Appellant] is no longer eligible for PCRA relief because the sentence for the challenged conviction is complete. Although [the PCRA court] recognizes [Appellant]'s current immigration status, unfortunately this fact alone does not excuse the untimeliness of his PCRA petition or otherwise confer jurisdiction upon the court.
>
> PCRA Court Opinion, 1/27/21, at 13-14 (footnote, internal citations, and some capitalization omitted) (emphasis added).

***Commonwealth v. Pratt***, 2021 WL 4551595, at *3 (Pa. Super. October 5,

2021) (unpublished memorandum).

Thus, the record confirms that very same claim was raised before and

addressed by this Court. ***Id.*** The record also shows that our Supreme Court

denied Appellant's petition for allowance of appeal on October 18, 2022. ***See***

*Commonwealth v. Pratt*, 286 A.3d 707 (Pa. 2022).  Thus, the claim qualifies as previously litigated for purposes of 42 Pa.C.S.A. § 9543(a)(3).

Timeliness

Even if Appellant were eligible for PCRA relief, and the claim had not been previously litigated, Appellant would not be entitled to relief because he failed to prove that the underlying petition is timely under the newly-discovered fact exception.

The newly-discovered fact exception requires a petitioner to plead and prove two components: (1) the facts upon which the claim was predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence.  *See Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017).

Generally, discovery of counsel's ineffectiveness does not qualify as a newly-discovered fact.  *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000)).  Assuming, however, for sake of argument, discovery of counsel's ineffectiveness does qualify as a newly-discovered fact, the record shows that Appellant was in fact aware of counsel's ineffectiveness for quite some time before the filing of the instant petition (*i.e.*, as of June 25, 2018). Additionally, Appellant failed to plead and prove why he could not have obtained the new facts earlier with the exercise of due diligence.  Appellant, therefore, fails to meet the exception set forth in 42 Pa.C.S.A. 9545(b)(1)(ii).

We also note that, even under Appellant's own recitation of the facts, the discovery of the alleged ineffectiveness occurred in 2018, whereas he filed the instant PCRA petition in 2022, approximately 4 years later, which makes the instant petition untimely also under 42 Pa.C.S.A. § 9545(b)(2).

In light of the foregoing, we affirm the January 5, 2023 orders of the PCRA court dismissing Appellant's third PCRA petition.

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:  11/29/2023